SMITH v. DETROIT LOAN & BUILDING ASSOCIATION.

LAND CONTRACT—TENANCY—EVIDENCE.

Upon a review of the evidence, *held*, that a certain arrangement, entered into after complainant had defaulted in payments under a land contract, and judgment of ouster had been rendered against her, whereby complainant was to remain in possession of the premises, paying to defendant a specified amount monthly, contemplated the relation of landlord and tenant, and not a renewal of that of vendor and purchaser.

Appeal from Wayne; Smith (George W.), J., presiding. Submitted April 20, 1899. Decided September 12, 1899.

Bill by Minnie Smith against the Detroit Loan & Building Association for specific performance of contract. From a decree for complainant, defendant appeals. Reversed.

*Jay Fuller*, for complainant.

*Levi J. Fick* and *Robert Young*, for defendant.

LONG, J. This bill was filed for an accounting, and to

compel the specific performance of a land contract, as well as to set aside a judgment for restitution of the premises mentioned in the contract. The court below stated the account between the parties in the decree, and also by it set aside the judgment, and ordered the specific performance of the contract.

It appears that in March, 1890, complainant purchased of defendant, on contract, the premises described, for the sum of $1,675. In the following October or November complainant went into possession, and remained in possession until March 30, 1896, when the defendant, through its agent, took possession during the absence of the complainant, and refused further to recognize her rights in the premises, claiming that she had forfeited them in the contract, and that thereafter she had become a tenant of the defendant, and failed to pay rent therefor. Complainant's claim is that she continued to make payments on the contract from time to time until August, 1895, when defendant took proceedings before a circuit court commissioner, and judgment of restitution was rendered against her, but no writ was ever issued thereon; that on November 1, 1895, she entered into a new arrangement, whereby she was to pay the balance of the consideration named in the contract at the rate of $10 per month, to be applied on principal and interest, until April 1, 1896, after which time she was to pay $20 per month until the amount due on the contract was fully paid; that these payments were made as agreed up to February, 1896; that in the meantime complainant had put water upon the premises at a cost of $25; that on February 21st she went to the office of the defendant with sufficient money to pay the entire amount due on the contract, but that the amount was not paid because the correct figures could not be given her; that, notwithstanding the judgment of restitution, complainant and defendant both treated the contract as existing; that she made her said payments with that understanding and agreement, and continued to make payments until the defendant forcibly took possession, and denied her rights therein.

The defendant contends that the arrangement made in November, 1895, was for the renting of the premises to complainant at $10 per month, and that no such agreement as she now claims was ever made. It appears that between October, 1892, and November, 1895, complainant had paid $83 upon the interest on her contract. The interest for that time amounted to $315, and defendant had paid the taxes and insurance, amounting up to that time to $203.70; so that complainant was in arrears on the contract on November 1, 1895, in the sum of $435.70 for interest, taxes, and insurance, besides the principal of $1,500, when she had been in possession for more than five years. Defendant claims that a notice of forfeiture had been served upon her July 12, 1895, and in August the judgment of ouster had been taken, with no appeal from the judgment.

We are satisfied from the circumstances of the case and the testimony given on behalf of the defendant that no such arrangement as complainant claims was ever made, but that the arrangement was one by which the complainant became the tenant of the defendant at $10 per month. The conduct of all the parties is in keeping with this theory, and not with the theory of a new contract of sale, which would set aside the judgment of ouster, and still allow the complainant years in which to make her payments.

The decree of the court below must be reversed, and a decree entered here in favor of defendant, with costs of both courts.

The other Justices concurred.